UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

WILLIAM C. BARLOW,

    Plaintiff,

v.

BNC MORTGAGE, INC; et al.,

    Defendants.

3:11-CV-0304-LRH-VPC

ORDER

Before the court is defendant Stanley S. Silva's ("Silva") motion to dismiss. Doc. #11.[1] Plaintiff William C. Barlow ("Barlow") filed an opposition (Doc. #16) to which Silva replied (Doc. #18).

**I.   Facts and Procedural History**

On May 11, 2006, Barlow purchased real property through a mortgage and note executed by defendant BNC Mortgage. Barlow defaulted on his mortgage and defendants initiated foreclosure proceedings.

Subsequently, on February 25, 2011, Barlow filed a complaint against defendants alleging nine causes of action:  (1) debt collection violations; (2) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; (3) Nevada Unfair Lending Practices Act, NRS 598D.100;

---

[1] Refers to the court's docketing number.

(4) breach of the covenant of good faith and fair dealing; (5) NRS 107.080; (6) quiet title; (7) fraud; (8) slander of title; and (9) abuse of process. Doc. #1, Exhibit A. Thereafter, Silva filed the present motion to dismiss. Doc. #11.

## II.   Legal Standard

Defendant Silva seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*

1  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)
2  (internal quotation marks omitted). The court discounts these allegations because "they do nothing
3  more than state a legal conclusion—even if that conclusion is cast in the form of a factual
4  allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to
5  dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be
6  plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

7  **III.    Discussion**

8      **A.  Debt Collection Violations**

9      Pursuant to NRS § 649, it is a violation of state law to violate any provision of the federal
10 Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. NRS § 649.370. Here,
11 Barlow alleges that defendants violated the FDCPA by initiating a non-judicial foreclosure without
12 following the proper procedures for attempting to collect a debt.

13     It is well established that non-judicial foreclosures are not an attempt to collect a debt under
14 the Fair Debt Collection Practice Act and similar state statutes. *See e.g., Hulse v. Ocwen Fed. Bank*
15 *FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002); *Charov v. Perry*, 2010 U.S. Dist. LEXIS 65798 (D. Nev.
16 2010) (holding that recording a notice of default is not an attempt to collect a debt because the
17 borrower already consented to allow the foreclosure trustee to record the notice upon default).
18 Therefore, the court finds that Barlow fails to state a claim against Silva for violation of the
19 FDCPA, and thereby NRS § 649.

20     **B.  Nevada Unfair and Deceptive Trade Practices Act**

21     Pursuant to NRS 598.0923 it is a deceptive trade practice to conduct business in the State of
22 Nevada without all required state, county or city licenses. NRS 598.0923(1). Barlow alleges that
23 defendants violated the statute by recording the underlying notice of default without having a state
24 business license.

25     Initially, the court notes that the allegations against Silva are conclusory allegations that

26     3

1  offer nothing more than a formulaic recitation of the elements of a violation. As such, they are
2  insufficient to state a claim upon which relief can be granted. *See Moss*, 572 F.3d 969. Further,
3  Silva did not need to be licensed to record the notice of default because a trustee, and by
4  implication Silva, as agent for the trustee, is not a debt collector attempting to collect a debt by
5  initiating non-judicial foreclosure proceedings. *See Hulse*, 195 F. Supp. 2d 1188. Therefore, the
6  court finds that Barlow fails to state a claim upon which relief can be granted.

### C.  Nevada Unfair Lending Practices Act

NRS 598D.100 prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS 598D.100(1)(b). However, this suitability language was added in mid-2007 when the statute was amended. Although Barlow alleges that defendants violated the present version of the statute, his loan originated in 2006, prior to the current amendment. Therefore, Barlow's loan cannot have violated the current statutory language requiring a determination that a borrower has the ability to repay the loan.

Additionally, Barlow's unfair lending practices claim is barred by the applicable statute of limitations. The statute of limitations on an unfair lending practices claim under NRS 598D is two (2) years. *See* NRS § 11.190(3)(a). Barlow purchased the property in 2006, and did not file the present action until 2011, over three years after the statute of limitations had expired. Accordingly, the court shall grant moving defendants' motions as to this issue.

### D.  Breach of Good Faith and Fair Dealing

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and

4

1 fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner
2 unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied.
3 *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis*
4 *Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

5       Here, there is no contract between Barlow and Silva. Thus, Barlow fails to state a claim
6 against Silva for breach of the covenants of good faith and fair dealing.

7     **E.  NRS 107.080**

8       In his complaint, Barlow alleges that defendants improperly foreclosed on his property
9 because the promissory note was severed from the deed of trust and none of the defendants hold the
10 original mortgage note. *See* Doc. #1, Exhibit A.

11       Nevada law does not require the production of the original note before one of the statutorily
12 enumerated parties initiates a non-judicial foreclosure. *Weingarter v. Chase Home Finance, LLC*,
13 702 F. Supp. 2d 1276, 1280 (D. Nev. 2010). Therefore, Barlow fails to allege a claim upon which
14 relief can be granted.

15     **F.  Quiet Title**

16       Under Nevada law, a quiet title action may be brought by someone who claims an adverse
17 interest in property. NRS § 40.010. Here, Silva, as the individual who recorded the notice of
18 default, does not claim any interest in the property adverse to Barlow. Therefore, Barlow has no
19 grounds to quiet title against Silva.

20     **G.  Fraud**

21       "In alleging fraud or mistake, a party must state with particularity the circumstances
22 constituting fraud or mistake." Fed. R. Civ. P. 9(b). In order to meet the heightened pleading
23 requirements a plaintiff must specify the time, place, and content of the misrepresentation as well
24 as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th
25 Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a

26

plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

Here, Barlow fails to allege anything more than defendants defrauded him during the loan process. There are no allegations that Silva failed to provide information or what information was not provided by Silva. Further, Barlow fails to specifically allege the requisite "time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Therefore, the court finds that Barlow's allegations are insufficient to support his claim for fraud.

**H. Slander of Title**

A claim for slander of title "involves false and malicious communications, disparaging to one's title in land, and causing special damages." *Executive Mgmt., Ltd. v. Ticor Title Co.*, 963 P.2d 465, 478 (Nev. 1998).

Here, the recorded notice of default and notice of trustee's sale are not false and malicious communications disparaging Barlow's title. First, Barlow concedes that he was in default on his loan. Thus the notice of default, although allegedly recorded before the substituted trustee was authorized to do so, does not make a false statement about his title to the property. Second, it is not false that the property was to be sold at a trustee's sale. Therefore, the court finds that Barlow has failed to state a claim for slander of title.

**I. Abuse of Process**

To establish a claim for abuse of process a party must show that an opposing party (1) had an ulterior purpose for bringing a legal action other than resolving a legal dispute, and (2) used the legal process in a way that is not proper in the regular conduct of the proceeding. *Las Vegas Fetish and Fantasy Halloween Ball, Inc. v. Ahern Rentals*, 182 P.3d 764, 767 (Nev. 2008); *Georgiou Studio, Inc. v. Boulevard Invest, LLC*, 663 F. Supp. 2d 973, 982 (D. Nev. 2009).

Here, the court finds that Barlow has failed to allege any facts demonstrating that defendants had an ulterior motive in initiating non-judicial foreclosure proceedings other than the

resolution of his default on the mortgage note. Further, the process at issue in this action is a non-judicial foreclosure which is not the characteristic legal action contemplated by an abuse of process claim. *See e.g., Smith v. Wachovia Mortgage Corp.*, 2009 WL 1948829, *5 (N.D. Cal. 2009). Therefore, the court finds that Barlow has failed to state a claim for abuse of process. Accordingly, the court shall grant Silva's motion to dismiss.[2]

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #11) is GRANTED. Defendant Stanley S. Silva is DISMISSED as a defendant in this action.

IT IS SO ORDERED.

DATED this 25th day of August, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] The court, in granting Silva's motion to dismiss, notes that Barlow did not request leave to amend his complaint. However, even if he did request leave to amend, the court would deny the request because he has failed to make any showing that amendment in this particular case would not be futile or that he could overcome the identified pleading defects.