1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                      * * *
                                        )
9    WILLIAM C. BARLOW,                  )
                                        )
10              Plaintiff,               )        3:11-CV-0304-LRH-VPC
                                        )
11   v.                                  )
                                        )        ORDER
12   BNC MORTGAGE, INC; et al.,          )
                                        )
13              Defendants.              )
                                        )
14   _____)

15          Before the court are defendant T.D. Service Company's ("TD") motion to dismiss

16   (Doc. #17[1]) and defendants Mortgage Electronic Registration Systems, Inc. ("MERS"); AHMSI

17   Default Services, Inc. ("AHMSI Default"); U.S. Bank National Association ("U.S. Bank"), as

18   trustee for the structured asset investment loan trust, 2006-BNC3; and American Home Mortgage

19   Servicing, Inc.'s ("American") motion to dismiss (Doc. #22).

20   **I.      Facts and Procedural History**

21          On May 9, 2006, plaintiff William C. Barlow ("Barlow") refinanced real property through a

22   mortgage and note executed by defendant BNC Mortgage. Barlow defaulted on his mortgage and

23   defendants initiated foreclosure proceedings.

24          Subsequently, on February 25, 2011, Barlow filed a complaint against defendants alleging

25

26
     _____
          [1] Refers to the court's docketing number.

1   nine causes of action:  (1) debt collection violations; (2) Nevada Unfair and Deceptive Trade

2   Practices Act, NRS 598.0923; (3) Nevada Unfair Lending Practices Act, NRS 598D.100;

3   (4) breach of the covenant of good faith and fair dealing; (5) NRS 107.080; (6) quiet title; (7) fraud;

4   (8) slander of title; and (9) abuse of process. Doc. #1, Exhibit A. Thereafter, moving defendants

5   filed the present motions to dismiss. Doc. ##17, 22.

6   **II.     Legal Standard**

7           Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure

8   to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state

9   a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading

10  standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That

11  is, a complaint must contain "a short and plain statement of the claim showing that the pleader is

12  entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require

13  detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a

14  formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S.

15  Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

16          Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

17  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting

18  *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows

19  the court to draw the reasonable inference, based on the court's judicial experience and common

20  sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility

21  standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a

22  defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

23  defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

24  relief." *Id.* at 1949 (internal quotation marks and citation omitted).

25          In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

26

2

1   true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of

2   the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*

3   *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

4   (internal quotation marks omitted). The court discounts these allegations because "they do nothing

5   more than state a legal conclusion—even if that conclusion is cast in the form of a factual

6   allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to

7   dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

8   plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

9   **III.   Discussion**

10        **A.  Debt Collection Violations**

11        Pursuant to NRS § 649, it is a violation of state law to violate any provision of the federal

12   Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. NRS § 649.370. Here,

13   Barlow alleges that defendants violated the FDCPA by initiating a non-judicial foreclosure without

14   following the proper procedures for attempting to collect a debt.

15        It is well established that non-judicial foreclosures are not an attempt to collect a debt under

16   the Fair Debt Collection Practice Act and similar state statutes. *See e.g., Hulse v. Ocwen Fed. Bank*

17   *FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002); *Charov v. Perry*, 2010 U.S. Dist. LEXIS 65798 (D. Nev.

18   2010) (holding that recording a notice of default is not an attempt to collect a debt because the

19   borrower already consented to allow the foreclosure trustee to record the notice upon default).

20   Therefore, the court finds that Barlow fails to state a claim against moving defendants for violation

21   of the FDCPA, and thereby NRS § 649.

22        **B.  Nevada Unfair and Deceptive Trade Practices Act**

23        Pursuant to NRS 598.0923 it is a deceptive trade practice to conduct business in the State of

24   Nevada without all required state, county or city licenses. NRS 598.0923(1). Barlow alleges that

25   defendants violated the statute by recording the underlying notice of default without having a state

26

3

1   business license.

2          Initially, the court notes that the allegations against moving defendants are conclusory

3   allegations that offer nothing more than a formulaic recitation of the elements of a violation. As

4   such, they are insufficient to state a claim upon which relief can be granted. *See Moss*, 572 F.3d

5   969. Further, moving defendants did not need to be licensed to conduct business in the state of

6   Nevada because foreclosing on real property is not an attempt to collect a debt requiring a separate

7   license. *See Hulse*, 195 F. Supp. 2d 1188. Therefore, the court finds that Barlow fails to state a

8   claim upon which relief can be granted.

9          **C.  Nevada Unfair Lending Practices Act**

10          NRS 598D.100 prohibits lenders from making loans "without determining, using

11   commercially reasonable means or mechanisms, that the borrower has the ability to repay the home

12   loan." NRS 598D.100(1)(b). However, this suitability language was added in mid-2007 when the

13   statute was amended. Although Barlow alleges that defendants violated the present version of the

14   statute, his loan originated in 2006, prior to the current amendment. Therefore, Barlow's loan

15   cannot have violated the current statutory language requiring a determination that a borrower has

16   the ability to repay the loan.

17          Additionally, Barlow's unfair lending practices claim is barred by the applicable statute of

18   limitations. The statute of limitations on an unfair lending practices claim under NRS 598D is two

19   (2) years. *See* NRS § 11.190(3)(a). Barlow purchased the property in 2006, and did not file the

20   present action until 2011, over three years after the statute of limitations had expired. Accordingly,

21   the court shall grant moving defendants' motions as to this issue.

22          **D.  Breach of Good Faith and Fair Dealing**

23          Under Nevada law, "[e]very contract imposes upon each party a duty of good faith

24   and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784

25   P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for

26
                                                4

1   breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the

2   plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and

3   fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner

4   unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied.

5   *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis*

6   *Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

7         Here, there is no contract between Barlow and moving defendants. The only contract is the

8   mortgage contract between Barlow and BNC. Thus, Barlow fails to state a claim against moving

9   defendants for breach of the covenants of good faith and fair dealing.

10         **E.   NRS 107.080**

11         In his complaint, Barlow alleges that defendants improperly foreclosed on his property

12   because the promissory note was severed from the deed of trust and none of the defendants hold the

13   original mortgage note. *See* Doc. #1, Exhibit A.

14         Nevada law does not require the production of the original note before one of the statutorily

15   enumerated parties initiates a non-judicial foreclosure. *Weingarter v. Chase Home Finance, LLC*,

16   702 F. Supp. 2d 1276, 1280 (D. Nev. 2010). Therefore, Barlow fails to allege a claim upon which

17   relief can be granted.

18         **F.   Quiet Title**

19         Under Nevada law, a quiet title action may be brought by someone who claims an adverse

20   interest in property. NRS § 40.010. Here, moving defendants do not claim any ownership interest in

21   the property adverse to Barlow. Therefore, Barlow has no grounds to quiet title against moving

22   defendants.

23         **G.   Fraud**

24         "In alleging fraud or mistake, a party must state with particularity the circumstances

25   constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading

26

5

1    requirements a plaintiff must specify the time, place, and content of the misrepresentation as well

2    as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th

3    Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a

4    plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

5          Here, Barlow fails to allege anything more than defendants defrauded him during the loan

6    process. There are no allegations that moving defendants failed to provide information or what

7    information was not provided. Further, Barlow fails to specifically allege the requisite "time, place,

8    and specific content of the false representation as well as the identities of the parties to the

9    misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Therefore,

10    the court finds that Barlow's allegations are insufficient to support his claim for fraud.

11          **H. Slander of Title**

12          A claim for slander of title "involves false and malicious communications, disparaging to

13    one's title in land, and causing special damages." *Executive Mgmt., Ltd. v. Ticor Title Co.*, 963 P.2d

14    465, 478 (Nev. 1998).

15          Here, the recorded notice of default and notice of trustee's sale are not false and malicious

16    communications disparaging Barlow's title. First, Barlow concedes that he was in default on his

17    loan. Thus the notice of default, although allegedly recorded before the substituted trustee was

18    authorized to do so, does not make a false statement about his title to the property. Second, it is not

19    false that the property was to be sold at a trustee's sale. Therefore, the court finds that Barlow has

20    failed to state a claim for slander of title.

21          **I. Abuse of Process**

22          To establish a claim for abuse of process a party must show that an opposing party (1) had

23    an ulterior purpose for bringing a legal action other than resolving a legal dispute, and (2) used the

24    legal process in a way that is not proper in the regular conduct of the proceeding. *Las Vegas Fetish*

25    *and Fantasy Halloween Ball, Inc. v. Ahern Rentals*, 182 P.3d 764, 767 (Nev. 2008); *Georgiou*

26

1   *Studio, Inc. v. Boulevard Invest, LLC*, 663 F. Supp. 2d 973, 982 (D. Nev. 2009).

2          Here, the court finds that Barlow has failed to allege any facts demonstrating that

3   defendants had an ulterior motive in initiating non-judicial foreclosure proceedings other than the

4   resolution of his default on the mortgage note. Further, the process at issue in this action is a non-

5   judicial foreclosure which is not the characteristic legal action contemplated by an abuse of process

6   claim. *See e.g., Smith v. Wachovia Mortgage Corp.*, 2009 WL 1948829, *5 (N.D. Cal. 2009).

7   Therefore, the court finds that Barlow has failed to state a claim for abuse of process. Accordingly,

8   the court shall grant moving defendants' motions to dismiss.[2]

9

10          IT IS THEREFORE ORDERED that defendants' motions to dismiss (Doc. ##17, 22) are

11   GRANTED. Defendants T.D. Service Company; Mortgage Electronic Registration Systems, Inc.;

12   AHMSI Default Services, Inc.; U.S. Bank National Association, as trustee for the structured asset

13   investment loan trust, 2006-BNC3; and American Home Mortgage Servicing, Inc. are DISMISSED

14   as defendants in this action.

15          IT IS SO ORDERED.

16          DATED this 19th day of September, 2011.

17

18          _____

19          LARRY R. HICKS
            UNITED STATES DISTRICT JUDGE

20

21

22

23

24          [2] The court, in granting moving defendants' motions to dismiss, notes that Barlow did not request leave
     to amend his complaint. However, even if he did request leave to amend, the court would deny the request
25   because he has failed to make any showing that amendment in this particular case would not be futile or that
     he could overcome the identified pleading defects.
26