UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

WILLIAM C. BARLOW,

    Plaintiff,

v.

BNC MORTGAGE, INC; et al.,

    Defendants.

3:11-CV-0304-LRH-VPC

<u>ORDER</u>

    Before the court is plaintiff William C. Barlow's ("Barlow") motion for reconsideration of the court's order granting defendants' motions to dismiss (Doc. #27[1]). Doc. #28. Defendants filed an opposition (Doc. #29) to which Barlow replied (Doc. #31).

**I.   Facts and Procedural History**

    On May 9, 2006, plaintiff William C. Barlow ("Barlow") refinanced real property through a mortgage and note executed by defendant BNC Mortgage. Barlow defaulted on his mortgage and defendants initiated foreclosure proceedings.

    Subsequently, on February 25, 2011, Barlow filed a complaint against defendants alleging nine causes of action:  (1) debt collection violations; (2) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; (3) Nevada Unfair Lending Practices Act, NRS 598D.100;

---

[1] Refers to the court's docketing number.

1  (4) breach of the covenant of good faith and fair dealing; (5) NRS 107.080; (6) quiet title; (7) fraud;
2  (8) slander of title; and (9) abuse of process. Doc. #1, Exhibit A. In response, moving defendants
3  filed a series of motions to dismiss (Doc. ##17, 22) which were granted by the court (Doc. #27).
4  Thereafter, Barlow filed the present motion for reconsideration (Doc. #28).

5  **II.    Discussion**

6  Barlow brings his motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). A motion
7  under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and
8  conservation of judicial resources." *Kona Enters., Inc. v. Estaet of Bishop*, 229 F.3d 887, 890 (9th
9  Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order where the court is
10 presented with newly discovered evidence, an intervening change of controlling law, manifest
11 injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United*
12 *States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v.*
13 *AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

14 In his motion, Barlow contends that there has been an intervening change in controlling law
15 such that the court's prior order is in error. *See* Doc. #28. Specifically, Barlow argues that the
16 recent Ninth Circuit decision in *Cervantes v. Countrywide Home Loans*, 656 F.3d 1034 (9th Cir.
17 September 7, 2011), establishes that a party must be a holder of both the mortgage note and deed of
18 trust to initiate non-judicial foreclosure proceedings. *Id*.

19 The court has reviewed the documents and pleadings on file in this matter and finds that
20 reconsideration of the court's order is not warranted. Barlow's reliance on *Cervantes* is misplaced.
21 First, that decision is based solely on the application of Arizona law which differs greatly from
22 Nevada law in terms of non-judicial foreclosures. Nevada law does not require the production of
23 the original note before one of the statutorily enumerated parties initiates a non-judicial foreclosure.
24 *Weingarter v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276, 1280 (D. Nev. 2010). Second, the
25 *Cervantes* court re-established the legality of statutorily enumerated parties initiating non-judicial

26

1  foreclosure proceedings against a defaulting party. *See Cervantes*, 656 F.3d at 1044. Therefore, the
2  court finds that Barlow's motion for reconsideration is without merit and shall deny the motion
3  accordingly.

5  IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #28) is
6  DENIED.
7  IT IS SO ORDERED.
8  DATED this 28th day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3