UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| WILLIAM C. BARLOW, | ) | |
| Plaintiff, | ) | 3:11-CV-0304-LRH-VPC |
| v. | ) | ORDER |
| BNC MORTGAGE, INC; et al., | ) | |
| Defendants. | ) | |

Before the court is plaintiff William C. Barlow's ("Barlow") motion for reconsideration of the court's order granting defendants' motions to dismiss (Doc. #27[1]). Doc. #28. Defendants filed an opposition (Doc. #29) to which Barlow replied (Doc. #31).

**I.     Facts and Procedural History**

On May 9, 2006, plaintiff William C. Barlow ("Barlow") refinanced real property through a mortgage and note executed by defendant BNC Mortgage. Barlow defaulted on his mortgage and defendants initiated foreclosure proceedings.

Subsequently, on February 25, 2011, Barlow filed a complaint against defendants alleging nine causes of action: (1) debt collection violations; (2) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; (3) Nevada Unfair Lending Practices Act, NRS 598D.100;

---

[1] Refers to the court's docketing number.

(4) breach of the covenant of good faith and fair dealing; (5) NRS 107.080; (6) quiet title; (7) fraud; (8) slander of title; and (9) abuse of process. Doc. #1, Exhibit A. In response, moving defendants filed a series of motions to dismiss (Doc. ##17, 22) which were granted by the court (Doc. #27). Thereafter, Barlow filed the present motion for reconsideration (Doc. #28).

**II.    Discussion**

Barlow brings his motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). A motion under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estaet of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000). Rule 59(e) provides that a district court may reconsider a prior order where the court is presented with newly discovered evidence, an intervening change of controlling law, manifest injustice, or where the prior order was clearly erroneous. FED. R. CIV. P. 59(e); *see also United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998); *School Dist. No. 1J, Multnomah County v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In his motion, Barlow contends that there has been an intervening change in controlling law such that the court's prior order is in error. *See* Doc. #28. Specifically, Barlow argues that the recent Ninth Circuit decision in *Cervantes v. Countrywide Home Loans*, 656 F.3d 1034 (9th Cir. September 7, 2011), establishes that a party must be a holder of both the mortgage note and deed of trust to initiate non-judicial foreclosure proceedings. *Id*.

The court has reviewed the documents and pleadings on file in this matter and finds that reconsideration of the court's order is not warranted. Barlow's reliance on *Cervantes* is misplaced. First, that decision is based solely on the application of Arizona law which differs greatly from Nevada law in terms of non-judicial foreclosures. Nevada law does not require the production of the original note before one of the statutorily enumerated parties initiates a non-judicial foreclosure. *Weingarter v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276, 1280 (D. Nev. 2010). Second, the *Cervantes* court re-established the legality of statutorily enumerated parties initiating non-judicial

2

1  foreclosure proceedings against a defaulting party. *See Cervantes*, 656 F.3d at 1044. Therefore, the
2  court finds that Barlow's motion for reconsideration is without merit and shall deny the motion
3  accordingly.

5  IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. #28) is
6  DENIED.
7  IT IS SO ORDERED.
8  DATED this 28th day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3