UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

WILLIAM C. BARLOW,

    Plaintiff,

v.

BNC MORTGAGE, INC; et al.,

    Defendants.

3:11-CV-0304-LRH-VPC

ORDER

Before the court is defendants LSI Title Company ("LSI") and G. Sheppard's ("Sheppard") motion to dismiss. Doc. #33.[1] Plaintiff William C. Barlow ("Barlow") did not file an opposition.

On May 11, 2006, Barlow purchased real property through a mortgage and note executed by defendant BNC Mortgage. Barlow defaulted on his mortgage and defendants initiated foreclosure proceedings.

Subsequently, on February 25, 2011, Barlow filed a complaint against defendants alleging nine causes of action: (1) debt collection violations; (2) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; (3) Nevada Unfair Lending Practices Act, NRS 598D.100; (4) breach of the covenant of good faith and fair dealing; (5) NRS 107.080; (6) quiet title; (7) fraud; (8) slander of title; and (9) abuse of process. Doc. #1, Exhibit A. Thereafter, moving defendants

---

[1] Refers to the court's docketing number.

1  filed the present motion to dismiss (Doc. #33) to which Barlow did not respond.

2      While the failure of an opposing party to file points and authorities in response to any
3  motion shall constitute a consent to the granting of the motion under LR 7-2(d), Barlow's failure to
4  file an opposition, in and of itself, is an insufficient ground for dismissal. *See Ghazali v. Moran*, 46
5  F.3d 52, 53 (9th Cir. 1995). Before dismissing a case, a district court is required to weigh several
6  factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to
7  manage its docket; (3) the risk of prejudice to the defendant; 4) the public policy favoring
8  disposition of cases on their merits; and (5) the availability of less dramatic sanctions. *Id*.

9      Here, these factors weigh in favor of dismissal. The need for the expeditious resolution of
10  cases on the court's docket is strong. Moving defendants have an interest in resolving this matter in
11  a timely manner. Further, there is a lack of prejudice to the plaintiff because Barlow has shown an
12  unwillingness to continue litigating his complaint which weighs in favor of granting the motion.
13  Additionally, although public policy favors a resolution on the merits, the court finds that dismissal
14  is warranted in light of these other considerations.

16      IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #33) is
17  GRANTED. Defendants LSI Title Company and G. Sheppard are DISMISSED as defendants in
18  this action.

19      IT IS SO ORDERED.
20      DATED this 28th day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE